# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DR. JACK W. STAMPS,<br>*Plaintiff* § § § | |
| v. § § | Case No. 1:22-cv-00054-LY-SH |
| THE UNIVRSITY OF TEXAS AT<br>AUSTIN AND DOREEN LORENZO,<br>IN HER INDIVIDUAL CAPACITY,<br>*Defendants* § § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Jack Stamps' Complaint (Dkt. 1-3); Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1); Plaintiff's Application for Permission to File Electronically (Dkt 2); Plaintiff's Motion for Appointment of Counsel (Dkt. 4); and Plaintiff's Request for Review, Ruling and Guidance (Dkt. 7). The District Court referred this case to the undersigned Magistrate Judge for disposition of the Motion and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules") and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 6.

### I.  Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and his Financial Affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status (Dkt. 1) and **ORDERS** his Complaint to be filed without pre-

1

payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II.  Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless." *Denton v.*

*Hernandez*, 504 U.S. 25, 32-33 (1992). "An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014).

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

### B.  Plaintiff's Lawsuit Should Be Dismissed Under Section 1915(e)(2)(B)

Plaintiff, a former professor at The University of Texas at Austin ("UT"), alleges that his employment contract was not renewed in retaliation for having complained about his supervisor's inappropriate conduct. Plaintiff alleges that UT and Doreen Lorenzo, Assistant Dean of UT's College of Fine Arts, violated his rights under Title VII of the Civil Rights Act, the First Amendment to the United States Constitution, and the Age Discrimination in Employment Act. Proceeding *pro se*, Plaintiff originally filed this lawsuit in the San Antonio Division of the Western District of Texas, but on January 18, 2022, the Honorable Richard B. Farrer transferred the case to the Austin Division pursuant to 28 U.S.C. § 1404(a). Dkt. 5.

Currently pending in this Court is a nearly identical discrimination lawsuit Plaintiff filed against UT, Lorenzo, and several other UT employees based on the same underlying events. *Stamps v. The University of Texas at Austin*, 1:20-CV-1204-LY-SH (W.D. Tex. Dec. 9, 2021) ("First Lawsuit"). Plaintiff is represented by counsel in his First Lawsuit. In fact, on November 4,

2021, this Court denied without prejudice his attorneys' motion to withdraw, finding that they had not shown good cause for withdrawal or complied with Local Rule AT-3. Dkt. 48 at 4 in 1:20-CV-1204-LY-SH. In addition, the Court informed Plaintiff that because he was represented in that action, he "may not submit filings *pro se*" and ordered his *pro se* motion to dismiss counsel and other *pro se* filings stricken. *Id.* at 5. Nonetheless, Plaintiff filed this duplicative lawsuit *pro se*, asserting many of the same allegations arising out of the same underlying events against the same defendants as in the First Lawsuit.

As noted, a district court may dismiss a lawsuit as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Bagby*, 555 F. App'x at 405 (dismissing duplicative lawsuit as frivolous where two lawsuits raised similar claims that fairly may be viewed as arising "from the same series of events"); *see also Wallace v. Rupert*, 644 F. App'x 307 (5th Cir. 2016) (affirming dismissal of duplicative lawsuit as frivolous); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of duplicative complaint as frivolous where complaint "repeats the same factual allegations that [plaintiff] asserted in his earlier case" against different defendants). District courts "should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). Accordingly, this duplicative lawsuit should be dismissed as frivolous.

### III. Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1).

The undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS AS MOOT** all other pending motions (Dkts. 2, 4 and 7).

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE